J-S62039-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DURELL HERMAN COTTON, JR., | : | |
| | : | |
| Appellant | : | No. 347 MDA 2017 |

Appeal from the Judgment of Sentence November 16, 2016,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0005728-2015

BEFORE:   STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED OCTOBER 23, 2017**

Durell Herman Cotton, Jr., (Appellant) appeals from the judgment of sentence imposed following his conviction for two counts each of first-degree and third-degree homicide.  We affirm.

The aforementioned charges stem from Appellant's involvement in the shooting deaths of brothers Angel Berrios and Abdiel Vazquez-Soto. At trial, the Commonwealth alleged that a friend of Appellant, Raymond Bruno-Carrasquillo, had a problem with Vazquez-Soto. As a result, on June 12, 2015, Appellant, riding in a Cadillac driven by Bruno-Carrasquillo, ambushed both victims while they were riding in a Jeep Suzuki driven by Francisco Rivera.  The incident was captured on a home surveillance system, and three witnesses, Bruno-Carrasquillo, Rivera, and Marcos Martinez, testified on behalf of the Commonwealth that Appellant was the shooter. Appellant was

*Retired Senior Judge assigned to the Superior Court.

convicted following a jury trial and, on November 16, 2016, the trial court sentenced Appellant to consecutive terms of life imprisonment for each first-degree murder conviction. The third-degree murder convictions merged for sentencing purposes. Appellant's timely post-sentence motion, raising both the weight and the sufficiency of the evidence, was denied following a hearing. This timely-filed appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues on appeal.

I. Whether the Commonwealth failed to present sufficient evidence to convict Appellant of murder of the first degree when the evidence presented at trial failed to establish beyond a reasonable doubt that Appellant, as a principal, [accomplice,] or co-conspirator, possessed the specific intent to kill in the death of Angel Berrios?

II. Whether the Commonwealth failed to present sufficient evidence to convict Appellant of murder of the [third] degree when the evidence presented at trial failed to establish beyond a reasonable doubt that Appellant, as a principal, [accomplice,] or co-conspirator, acted with malice in the death of Angel Berrios?

III. Whether the Commonwealth failed to present sufficient evidence to convict Appellant of murder of the first degree when the evidence presented at trial failed to establish beyond a reasonable doubt that Appellant, as a principal, [accomplice,] or co-conspirator, possessed the specific intent to kill in the death of Abdiel Vazquez-Soto?

IV. Whether the Commonwealth failed to present sufficient evidence to convict Appellant of murder of the [third] degree when the evidence presented at trial failed to establish beyond a reasonable doubt that Appellant, as a principal, [accomplice,] or co-conspirator, acted with malice in the death of Abdiel Vazquez-Soto?

Appellant's Brief at 4 (unnecessary capitalization omitted).[1]

Although characterized as challenges to the sufficiency of the evidence, in the argument section of his brief Appellant assails the credibility of the three witnesses in this case and asks this Court to reweigh the evidence in his favor.[2]

Our Supreme Court has explained:

[I]t is necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that

---

[1] These issues are identical to those raised in his Rule 1925(b) statement of errors complained of on appeal. Appellant's 1925(b) Statement, 3/20/2017, at 1-2.

[2] Specifically with respect to his first-degree murder convictions, Appellant argues that,

[m]uch of the Commonwealth's case-in-chief relied on the testimony of three witnesses. These three witnesses testified that Appellant was the shooter, however each of their testimony was contradictory in specific details and did not create a cohesive or corroborative chain of events. For this reason, it is only the physical evidence in this case that may be assessed. Basing the case solely on the physical evidence, it cannot be said that the Commonwealth proved beyond a reasonable doubt that Appellant intentionally killed [the victims], let alone that Appellant was the shooter at all.

Appellant's Brief at 9. **See also**, **id.** at 16 (ignoring the testimony of the eyewitnesses in this case and, instead, arguing that, based on the physical evidence, "…the Commonwealth could not prove beyond a reasonable doubt that Appellant was even in the Cadillac involved in the shooting on the night of the murder."). Appellant's argument with respect to his third-degree murder convictions is similar except he contends that the evidence was insufficient to prove that he acted with malice "because the Commonwealth was unable to prove beyond a reasonable doubt that Appellant was [] in fact the shooter on the night of June 12, 2015," or "was even in the vehicle" that evening. **Id.** at 12, 19.

challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations and footnote omitted).

- 4 -

Here, Appellant has seemingly abandoned on appeal any challenges to the sufficiency of the evidence and, instead, focuses his argument on the weight of the evidence presented at trial. Appellant's Brief at 7-21. Although he arguably preserved these issues by including a boilerplate weight-of-the-evidence argument in his timely-filed post-sentence motion, Rule 1925 provides, "[t]he [1925(b)] Statement shall identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925 further provides, "[i]ssues not included in the [1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Accordingly, because Appellant failed to include in his 1925(b) statement any challenge to the weight of the evidence, we are constrained to find those claims waived.

However, even if his weight-of-the-evidence claims had been raised in his 1925(b) statement, Appellant is not entitled to relief. Our case law is clear that a jury sitting as finder of fact is "in the best position to view the demeanor of the Commonwealth's witnesses and to assess each witness' credibility." **Commonwealth v. Olsen**, 82 A.3d 1041, 1049 (Pa. Super. 2013) (citation omitted). Here, the jury was presented with, *inter alia*, video of the incident and the testimony of Rivera, Bruno-Carrasquillo, and Martinez. Appellant did not testify on his own behalf. The jury was free to find the Commonwealth's witnesses' testimony credible and resolve any

inconsistencies in the Commonwealth's favor. **_See generally Commonwealth v. Horne_**, 89 A.3d 277, 286 (Pa. Super. 2014) (holding that Horne's weight of the evidence claim could not prevail as "the jury resolved the inconsistencies among the testimonies as it saw fit and reached a verdict"). Based on the foregoing, the trial court determined that the verdict was not against the weight of the evidence. Trial Court Opinion, 2/9//2017, at 15-18. We discern no abuse of discretion in the trial court's finding.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 10/23/2017